UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-00001-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**EWIN OSCAR MARTINEZ,**

    Defendant.
_____/

## ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**THIS CAUSE** is before the Court on Defendant Ewin Oscar Martinez's *pro se* Motion for Reduction in Sentence Under Title 18 U.S.C. § 3582(c)(1)(A), ("Motion") (D.E. 457), filed October 15, 2024. The Government filed a Response on October 29, 2024, ("Response") (D.E. 461), to which Defendant filed a Reply on November 12, 2024, ("Reply") (D.E. 462). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.**    **Background**

On December 13, 1999, the Defendant and his accomplices (collectively "Defendants") abducted Mrs. Aragao, a mother, and her two young sons, Alceu and Alexander, in the parking garage of the condominium where the victims lived. Presentence Investigation Report ("PSR") ¶ 6. During the abduction, the victims were brutally beat and shocked with a stun gun by the Defendants. *Id*. While attempting to subdue Mrs. Aragao, the Defendant beat Mrs. Aragao's face, fracturing her cheek bone and shattering her eye

socket. *Id* ¶ 7. The Defendants threatened to kill Mrs. Aragao if she did not stop screaming. *Id* ¶ 8.

The Defendants held their victims in a house for several days, planning to force the family to turn over all their money and other property. During their confinement, the victims were further brutalized. The Defendants bound Mrs. Aragao and her children to lawn chairs and stuffed rags in their mouths. *Id* ¶ 10. Mrs. Aragao and Alceu, both still tied to lawn chairs, were placed in closets in adjacent rooms and could hear each other's sobs through the shared wall. *Id* ¶ 11. Mrs. Aragao was allowed out of the closet for brief intervals during which she could use the bathroom, clean her injuries, and see her children. *Id* ¶ 13.

The Defendant forced Mrs. Aragao to write a letter to her husband telling him to meet her at a pre-arranged location. *Id* ¶ 14. The Defendant mailed the letter to Mrs. Aragao's husband. The Defendant also forced Mrs. Aragao to make several calls to her husband using her cellphone. *Id* ¶ 17. One of these calls was intercepted by the authorities, who were able to trace the call and locate the house where the Defendants were holding Mrs. Aragao and her children. *Id* ¶ 19. Mrs. Aragao and her children were rescued after nearly five days in captivity, and the Defendants were arrested. *Id*.

On June 2, 2000, a jury found Defendant guilty of: (I) conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203; (II) hostage taking in violation of 18 U.S.C. § 1203; (III) conspiracy to commit carjacking in violation of 18 U.S.C. § 371; (IV) carjacking in violation of 18 U.S.C. § 2119(2); and (V) using and carrying a firearm during a crime of violence in violation of 18 § U.S.C. 924(c). D.E. 131.

Case 1:00-cr-00001-JAL   Document 473   Entered on FLSD Docket 02/05/2025   Page 3 of 9

The presentence investigation report reflected that the Defendant's total offense level was tallied at 43 with a criminal history category of I, which yields an advisory guideline range of life in prison. The Defendant was accordingly sentenced to life in prison for Counts I and II, 60 months as to Count III, 300 months as to Count IV all to run concurrently, and 60 months as to Count V to run consecutively. D.E. 203.

The Defendant has unsuccessfully appealed the Court's judgment. D.E. 205; D.E. 259. The Defendant has filed numerous unsuccessful motions to vacate his sentence. D.E. 263; D.E. 300; D.E. 324; D.E. 328; D.E. 334; D.E. 335; D.E. 340; D.E. 347; D.E. 399; D.E. 435. The Defendant has previously filed one unsuccessful motion for compassionate release under § 3582(c)(2). D.E. 366; D.E. 380.

The Defendant filed the present Motion on October 15, 2024, claiming that extraordinary and compelling reasons warrant his release. D.E. 457 at 2. The Defendant claims that such reasons include: "(1) his medical condition and avanced [sic] age; (2) if sentenced today, his sentence would be drastically lower; and (3) his medical conditions and avanced [sic] age, and his rehabilitation, and the fact that he will be deported on release, clearly indicate that movant does not appear to pose a danger to the community." *Id*.

The Motion further claims that the 18 U.S.C. 3553(a) factors favor his release. The Motion points to the Defendant's completion of CODE and CHALLENGE programs as evidence of his rehabilitation and reiterates the Defendant's belief that his sentence is disproportionately long. D.E. 457 at 7. The Defendant claims that he has exhausted his administrative Remedies. *See generally Id*.

3

On October 29, 2024, the Government filed a Response. D.E. 461. In its Response, the Government argues that the Defendant's infirmity does not present an extraordinary or compelling reason, as the Defendant is receiving adequate care in prison. *Id* at 7. The Motion additionally states that the Defendant's old age is not in itself grounds for compassionate release. D.E. 461 at 8. The Motion further states that the Defendant has failed to show that his sentence was unusually long and maintains that the Sentencing Commission exceeded its authority in promulgating Section 1B1.13(b)(6). *Id* at 8-9. Finally, the Motion states that § 3553(a) factors disfavor release, pointing to the severity of the Defendant's crimes and the reasoning of the Court's Order (D.E. 380) denying the Defendant's prior motion for compassionate release. D.E. 461 at 9-10. The Motion does not address whether the Defendant has exhausted his administrative remedies. *See generally Id*.

The Defendant filed a Reply on November 12, 2024, claiming that his infirmity is more severe than described by the Government's Response. D.E. 462 at 1-2. The Reply further claims that while in prison the Defendant has been involved in only a few serious incidents, and that in two of these cases, the Defendant was acting in self-defense. *Id* at 2. The Reply disagrees with the Government's position that the Sentencing Commission exceeded its authority in establishing § 1B1.13(b)(6). *Id*. Finally, the Reply states that the Government's Response does not contest his claim that he is not a danger to the safety of any other person or to the community. *Id*.

Since filing his Reply, the Defendant has filed a further three notices of supplemental authority in support of his Motion, the second and third of which were filed

several times. *See* Notice of Supplemental Authority (D.E. 463); Second Notice of Supplemental Authority (D.E. 465; D.E. 466; D.E. 467; D.E. 469); and Third Notice of Supplemental Authority (D.E. 470; D.E. 472).

**II.     Legal Standard**

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017).  Section 3582(c)(1) is a statute that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(1)(A)(i) states that the Court may:

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

There are three conditions a defendant seeking compassionate release must meet before a district court may reduce the defendant's term of imprisonment: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and…(3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).[1]  The Court may consider these three conditions in any order, and, if the

---

[1] The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate

Court determines one or more are unmet, it may end its analysis there. *Tinker*, 14 F.4th at 1237–38. The defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. Discussion

#### a. *The § 3553(a) Factors Disfavor Release*

The Court first considers whether the § 3553(a) factors favor release. To begin, the Defendant fails to advance any persuasive reasoning to support his contention that the § 3553(a) factors weigh in favor of his release. The Motion seeks to paint the Defendant as a remorseful and ailing elder who does not pose a threat to anyone and should thus be released. D.E. 457 at 7. However, for the following reasons, the Court is unpersuaded by the Defendant's tactic.

The Defendant's primary argument on this issue is that he has been in prison for 25 years and is now old and sick. D.E. 457 at 7. However, this in itself is not persuasive. The Defendant was, after all, sentenced to life in prison, to be followed by a further 60 months of incarceration.[2] D.E. 203; D.E. 259. The Government, in its Response, pointed out that the Defendant is receiving adequate medical attention in prison, and has even refused some treatments that were offered to him. D.E. 461 at 7.

---

deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[2] The Defendant's sentence was upheld on appeal. *See U.S. v. Ferreria*, 275 F.3d 1020 (11th Cir. 2001).

In the Motion, the Defendant expresses regret for his crimes and states his "remorse has made him to also be a prisoner of sadness during many years." D.E. 457 at 2. The Motion moreover states that the Defendant has completed the CODE and CHALLENGE Programs, as well as several other classes and courses, which he claims have made him a better person. *Id* at 7. The Court weighs the Defendant's professed penitence and his completion of various programs against the severity of his crimes and the necessity of protecting society and the Defendant's victims.

This Order's summary of the crimes for which the Defendant was convicted reflects that the Defendant committed a series of vicious and inhumane acts against a mother and her young sons, and in doing so inflicted scars and lifelong trauma on his victims. *See generally* PSR. There is no evidence the Defendant has offered or could offer to justify or minimize the acts he committed. The Court recognizes that prior to his arrest for these crimes, the Defendant did not have a criminal record in this country. However, this point is immaterial next to the severity of the Defendant's crimes and the harm visited on the victims.

The Court, in its Order denying the Defendant's previous motion for compassionate release, found that the length of the sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the defendant. D.E. 380 at 8. The Court finds that its reasoning from that order is as sound and relevant now as it was then. The Court thus adopts its reasoning from that Order (D.E. 380) in deciding the present Motion.

For the foregoing reasons, the Court does not find that the § 3553(a) factors weigh in favor of release. That the Defendant has grown older or more ill since his sentencing, does not warrant his release, especially in light of the violent nature of his crimes. Neither does the Defendant's expression of remorse provide absolution for the severe harm he inflicted on others.

### b. *Presence of Extraordinary and Compelling Reasons and Compliance with § 1B1.13*

The Eleventh Circuit in *Tinker* stated that a motion for sentence reduction under § 3582(c)(2) would be successful only if: (1) the motion showed that the § 3553(a) factors favored their release, (2) the motion demonstrated extraordinary and compelling reason for such relief, and (3) that granting such relief would not endanger any person or the community within the meaning of § 1B1.13's policy statement. *Tinker*, 14 F.4th at 1237. The *Tinker* court reasoned that since a motion seeking a sentence reduction under § 3582(c)(2) would need to satisfy each of these conditions, failure to satisfy any condition would necessarily render the motion unsuccessful. *Id* at 1237-1238. Accordingly, if a district court determines that the motion failed to satisfy one condition, a further exhaustive analysis of the remaining conditions is unnecessary. *Id* at 1238.

As the Court stated above, the § 3553(a) factors do not weigh in favor of the Defendant's release. Thus, an exhaustive analysis of whether the Defendant has presented extraordinary and compelling reasons justifying his request for a sentence reduction, or whether the Defendant would present a danger to the community, or any person would be purely academic. The § 3553(a) factors do not weigh in favor of release, and so the Motion fails.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Ewin Oscar Martinez's Motion for Reduction in Sentence Under Title 18 U.S.C. §3582(c)(1)(A) (D.E. 457) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of February, 2025.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**